```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL NORWOOD,                :
     Plaintiff
                             :

     vs.                       :   CIVIL NO. 1:CV-05—2410

                             :        (Judge Caldwell)
FRANK STRADA,
     Defendant                 :   (Magistrate Judge Smyser)


                        O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

       Plaintiff, Michael Norwood, is an inmate at USP-Lewisburg and on November 21, 2005, he filed a complaint requesting relief under the Religious Freedom Restoration Act. The Defendant, Frank Strada, filed a motion to dismiss the complaint or, in the alternative, for summary judgment. The Magistrate Judge's Report, filed April 20, 2006, recommended that the Defendant's motion be denied. The Defendant has filed three objections to the report, stating that Norwood failed to plead that the Defendant substantially burdened the Plaintiff's exercise of his religious beliefs, that the Magistrate Judge made unreasonable inferences in determining that the Plaintiff missed seven consecutive meals, and the Defendant adequately established that the measures taken for providing meals during the lock-down were the least restrictive means available.

We agree with the Defendant's first objection.  Since Norwood is a pro se prisoner, his complaint is subject to "less stringent standards of specificity" and "should be construed liberally."  *Lewis v. Attorney General of the United States*, 878 F.2d 714, 722 (3c Cir. 1989).  However, even construing the Plaintiff's complaint liberally, we cannot find that he has sufficiently pled that the Defendant substantially burdened Norwood's exercise of his religious beliefs.  In his complaint, Norwood alleges that he could not eat the meal provided for him on the evening of May 15, 2005, because the food was not certified as kosher or halal.[1]  He contends that the breakfast provided on May 16, 2005, which included milk and a muffin, contained eggs which were cooked in a manner that was not religiously certified.  He further states that he informed Strada on May 16 that the meals being served were, for the most part, inconsistent with a kosher/halal diet and that kosher/halal meals could easily be provided.  He contends that the Defendant ignored his request.  Finally, in the section entitled "cause of action," Norwood alleges that Strada, in his individual capacity, failed to provide him with religiously certified meals on May 16-17, 2005.

"A burden is 'substantial' when it 'influences the adherent to act in a way that violates his [sincerely held] religious beliefs.'"  *Williams v. Bitner*, 359 F.Supp.2d 370, 375

---

[1] At 12:45 p.m. on May 15, 2005, the prison population was placed on lock-down status and prisoners were confined to their cells.

(M.D.Pa. 2005)(Connor, J.)(*citing Adkins v. Kaspar*, 393 F.3d 559, 568-71(5th Cir. 2004).  We cannot conclude that Norwood has sufficiently pled that Strada substantially burdened his religious beliefs for the following reasons.  Norwood only contends that he was unable to eat the evening meal on May 15th.  There is no allegation that he was unable to eat any part of the meals on the 16th and 17th.  The Plaintiff's contention is that portions of the meals provided on the 16th and 17th were not certified kosher/halal.  Assuming that this allegation is true, it means that parts of the meals were acceptable.  Finally, Norwood has not alleged that any failure on the part of the Defendant to provide completely kosher/halal meals caused him to act in a manner that violated his religious beliefs.

Having determined that the Plaintiff has failed to plead that the Defendant substantially burdened his religious beliefs, we must determine whether Norwood should be granted leave to amend his complaint.  "Pro se plaintiffs should be given an opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment."  *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).  Having considered Norwood's complaint, we are satisfied that he cannot allege facts that would cure the deficiency in the pleadings and we will not grant leave to amend. Having found that the complaint fails to state a claim upon which relief can be granted, we need not determine whether the Magistrate Judge was correct in determining that Norwood

alleged that he missed seven consecutive meals, or whether the Defendant adequately established that the measures taken during the lock-down were the least restrictive means available.

AND NOW, this 27th day of June, 2006, upon consideration of the Report of the United States Magistrate Judge (Doc. 23), dated April 20, 2006, Defendant's objections thereto, and an independent review of the Record, we decline to accept the recommendation of the Magistrate Judge.  It is Ordered that the Defendant's motion to dismiss or, in the alternative, for summary judgment (doc. 14) is granted.  The Clerk of Court shall enter judgment in favor of the Defendant and against the Plaintiff, and close the file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
